FILED
2013 Mar-11  PM 01:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH EASLEY | ) | |
| | ) | No. 2:12-cv-08057-RDP |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | No. 2:11-cr-185-RDP-TMP |
| | ) | |

## GOVERNMENT'S OPPOSITION TO
## EASLEY'S SECTION 2255 MOTION

Comes now the United States of America, by and through its counsel, United States Attorney Joyce White Vance and Special Assistant United States Attorney E. Wilson Hunter, and hereby opposes Kenneth Easley's motion under 28 U.S.C. § 2255. The motion should be denied without an evidentiary hearing.

## INTRODUCTION

This is Easley's first motion under 28 U.S.C. § 2255. Judgment was entered on December 20, 2011, and, because he did not file a direct appeal, it became final on January 3, 2012. He filed his motion on December 19, 2012, which is within one year. Therefore, his motion is timely.

Easley asserts two claims. First, he asserts that he received ineffective assistance of counsel because his attorney, Greg Reid, "failed in his duty to investigate

1

the circumstances of the predicate offenses used by the Government" to enhance Easley's sentence under the Armed Career Criminal Act. (Doc. 1 at 10). This claim should be dismissed because his attorney did investigate the predicate felonies, as shown through email correspondence, discovery submission, and the transcripts of the Rule 11 hearing and sentencing. Second, Easley asserts that the sentencing court "was without jurisdiction to impose a sentence enhancement pursuant to the Armed Career Criminal Act." The sole basis for this argument is Easley's contention that as a factual matter, he did not have three prior qualifying convictions. (Doc. 1 at 11). But, Easley is wrong. The Government provided *Shepard*-approved documents to Easley's attorney, demonstrating the applicability of the ACCA. Easley's 2255 motion should be denied.

## BACKGROUND

A.   <u>Indictment</u>

The May 2011 Grand Jury returned a three-count indictment charging Kenneth Easley with drug and gun crimes. Count One alleged that Easley possessed marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). Count Two alleged that Easley used or carried a firearm during and in relation to a drug trafficking crime (Count One), in violation of 18 U.S.C. § 924(c). Count Three alleged

that Easley possessed a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1).  (Cr. Doc. 1.[1])

B.    Discovery Phase

A jury trial was scheduled for August 8, 2011. Before that date, on July 22, 2011, in response to requests from defense counsel, the Government obtained and provided to the defense copies of the charging documents related to Easley's prior state-court convictions for Unlawful Possession of Marijuana, First Degree. The charging documents showed that Easley had prior convictions for possession marijuana for "other than personal use" in Alabama case numbers DC-2007-7698, DC-2007-13415, DC-2007-12464, CC-2006-599, and CC-2005-1720.[2] Of these, only DC-2007-12464 showed that the Unlawful Possession of Marijuana, First Degree, charge was based upon a prior conviction for Unlawful Possession of Marijuana,

---

[1]
      "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, No. 2:11-cr-185-RDP-TMP.

[2] The Government provided defense counsel with the documents by email. The relevant email, along with the Discovery Index, and the Bates-stamped charging documents, are attached as Exhibit A.

Second Degree.[3] The other four explicitly stated that Easley had been charged with possession of marijuana for "other than personal use."

C.    Plea Hearing

On August 8, 2011, Easley entered a plea of guilty to Count Three of the indictment under a written plea agreement. As its part of the agreement, the Government agreed to dismiss Counts One and Two at the time of sentencing. (Plea Tr. at 3; a copy of the plea transcript [Doc. 32] is attached as Exhibit B). At the plea hearing, Easley was represented by counsel. (*Id.* at 2). Before he pleaded guilty, the district court confirmed that Easley's entry into the plea agreement was knowing and voluntary. (*Id.* at 3-18). The district court also went through the terms of the plea agreement with Easley, including a detailed discussion of the application of the Armed Career Criminal Act to Easley's sentence. (*Id.* at 19-22). The court listed five felonies, stating that four of them appeared to qualify as predicate felonies for the ACCA. Upon being asked how the Government intended to prove the predicate felonies, the Government directed the court's attention to the plea agreement, which included a

---

[3] In Alabama, a defendant can be convicted of Unlawful Possession of Marijuana, First Degree, in two ways. First, the charge can arise because the marijuana was possessed for "other than personal use." It is this type of conviction that is a serious drug offense under the ACCA. Second, a defendant can be convicted of Unlawful Possession of Marijuana, First Degree, if he is convicted of marijuana possession for personal use a second time. This type of conviction does not qualify under the ACCA. One of Easley's five convictions for Unlawful Possession of Marijuana, First Degree, was not counted as a predicate felony because it was charged as a second offense rather than as possession for "other than personal use."

4

stipulation identifying Easley's convictions for Unlawful Possession of Marijuana, First Degree. The Government represented that the convictions in question were for marijuana possession for "other than personal use," and this qualified as serious drug offenses under the ACCA. (*Id.* at 20). The Government further stated that this determination was based on the charging documents for each conviction. These documents were supplied to defense counsel before he signed the plea agreement, and eighteen days before the plea hearing. When asked about the fact that Easley's marijuana convictions appeared to fall within the ambit of the ACCA, Easley's attorney responded, "The record is what is it is, Your Honor."

The court then advised Easley that application of the ACCA would mean a mandatory minimum term of imprisonment of 15 years. Easley acknowledged the district court's instruction and the maximum and minimum penalties he faced. (*Id.* at 20-22). The court accepted this plea. (*Id.* at 28-29).

D.   <u>Sentencing</u>

Easley's sentencing hearing took place three months later; Easley was represented by the same attorney. (Sentencing Tr. at 2; a copy of the sentencing transcript [Doc. 33] is attached as Exhibit C.) The district court asked Easley and his attorney whether they had had thirty-five days in which to review and discuss the

presentence report; both said yes. (*Id.* at 3). There were no objections, and the district court adopted the presentence report. (*Id.*)

The district court then made specific findings that Easley had three separate and distinct qualifying convictions under the ACCA. (*Id.* at 4). Easley was sentenced to 210 months, a sentence at the low-end of the Guidelines range (210-262 months). (*Id.* at 11).

E.   Easley's Section 2255 Motion

Easley did not file a direct appeal.[4] In his 2255 motion, Easley argues that he should be resentenced because his attorney did not investigate the predicate felonies. If counsel had investigated them, Easley says, he would have found that they did not qualify for the ACCA. Easley contends that this failure deprived him of effective assistance of counsel. (Doc. 1 at 1-3).

**ARGUMENT**

Easley complains that he received ineffective assistance of counsel because his attorney did not investigate his predicate felonies, and that the district court lacked jurisdiction to sentence him under the ACCA because he had not been convicted of three serious drug offenses.  As a factual matter, however, Easley had three or more

---

[4]Easley's plea agreement contained an appeal waiver.

previous convictions for serious drug offenses under the ACCA. Thus, even assuming (without conceding) deficient performance, Easley cannot show that he was prejudiced. For that reason, and others set forth below, Easley's motion should be denied.

## I.     There was no Ineffective Assistance of Counsel

This Court should reject Easley's motion because, contrary to Easley's claim, trial counsel did investigate Easley's prior convictions; unfortunately for Easley, counsel found at least three qualifying predicate felonies under 18 U.S.C. § 924(e). A claim of ineffective-assistance is governed by *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, Easley must show "both incompetence and prejudice: (1) [he] must show that counsel's representation fell below an objective standard of reasonableness, and (2) [he] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (*en banc*) (quotations omitted).  Easley has shown neither deficient performance nor prejudice.

In fact, trial counsel did investigate; he asked for and received on July 22, 2011, *Shepard*-approved documents in the form of two indictments and three informations relating to each of  Easley's five convictions for Unlawful Possession of Marijuana,

First Degree. These documents proved that Easley had been convicted four times of possessing marijuana for "other than personal use," a serious drug offense under the ACCA. *See United States v. Robinson*, 583 F.3d 1292, 1296-97 (11th Cir. 2009) (holding that "a conviction under Ala. Code § 13A-12-213 for possession of marijuana for other than personal use qualifies as a serious drug offense for purposes of the ACCA"). Trial counsel received this information eighteen days before the plea hearing.

Even assuming deficient performance, moreover, Easley cannot show prejudice. Whether counsel "investigated" the matter or not, Easley qualified as an Armed Career Criminal under the ACCA. Counsel could have taken no action that would have changed this fact. There was no ineffective assistance of counsel, and Easley's claim should be denied.

## II.    The district court had jurisdiction to impose a sentence under the ACCA

Easley argues that the district court was without jurisdiction to sentence him under the ACCA. The contention is based upon Easley's argument that he had not been convicted of three serious drug offenses. As Exhibit A demonstrates, Easley was charged four times with violating *Ala. Code § 13A-12-213* for possession of marijuana for other than personal use, a qualifying offense under the ACCA. *U.S. v. Robinson*,

8

583 F.3d at 1296-97. Easley was convicted each time. And, because Easley had been convicted of three serious drug offenses before he pled guilty to violating 18 U.S.C. § 922(g)(1), the district court had jurisdiction to sentence him in accordance with 18 U.S.C. § 924(e). Thus, Easley's "jurisdictional" claim is without merit.[5]

**CONCLUSION**

For all the foregoing reasons, Easley's Section 2255 motion should be dismissed without a hearing.

Respectfully submitted,
JOYCE WHITE VANCE
United States Attorney

/s/_____
E. WILSON HUNTER
Special Assistant United States Attorney

---

[5]In addition to being without merit, this claim was procedurally defaulted and is barred by the appeal waiver contained in the plea agreement.

## CERTIFICATE OF SERVICE

I hereby certify that on <u>March 11, 2013</u>, a copy of the foregoing Government's Response to Easley's Section 2255 Motion was served on Easley (acting *pro se*) by first-class United States mail, postage prepaid, addressed as follows:

Kenneth Easley
29079-001
Federal Correctional Institution
P.O. Box 7007
Marianna, FL 32447


<u>/s/</u>                       
E. WILSON HUNTER
Special Assistant United States Attorney